STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (Cal. Bar No. Pending)
Assistant United States Attorney
Asset Forfeiture Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4493
Facsimile: (213) 894-7177
E-mail: Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff[s],<br><br>v.<br><br>A REAL PROPERTY LOCATED IN RANCHO CUCAMONGA, CALIFORNIA (KALLAS),<br><br>Defendant.<br><br>MARIA GABRIELA KALLAS AND CONSTANTINE PETER KALLAS, AND GMAC MORTGAGE LLC,<br><br>Claimants. | No. CV 08-04239-TJH (MANx)<br><br><u>CONSENT JUDGMENT<br>OF FORFEITURE</u><br><br>[JS-6] |

This action was filed on June 26, 2008. Notice was given and published in accordance with law. Claimants Maria Gabriela Kallas, Constantine Peter Kallas, and GMAC Mortgage LLC ("Claimants") filed the only claims to the defendant Real Property Located in Rancho Cucamonga, California (the "defendant property"), more

1

1  particularly described below.  (See Dkt. Nos. 8, 9.)

2  No other statements of interest or answers have been filed, and the time for filing
3  such statements of interest and answers has expired.

4  On June 1, 2010, Claimant Maria Kallas agreed to the forfeiture of her interest in
5  the defendant property and is no longer a party of interest in this case.  (See Dkt. No.
6  45.)

7  On March 4, 2011, this Court entered an order concerning the parties' stipulation
8  to recognize the lien interest of Claimant GMAC Mortgage LLC ("GMAC") and allow
9  for the interlocutory sale of the defendant real property.  Pursuant to that order, the
10 government was provided one year to sell the defendant real property.  (Pursuant to the
11 stipulation, Claimant GMAC, which agreed to forestall any foreclosure efforts against
12 the defendant real property as part of the stipulation, was excused from further
13 participation in this action.)  After the expiration of that one year period, Claimant
14 GMAC would be allowed to resume any foreclosure efforts against the defendant real
15 property.  (See Dkt. No. 54.)

16 On or after March 4, 2012, and after the government could not sell the defendant
17 real property as provided in the stipulation, Claimant GMAC resumed its foreclosure
18 efforts against the defendant real property.  On or about April 27, 2012, GMAC
19 conducted a foreclosure sale of the defendant real property, resulting in the substitution
20 of the net proceeds of the sale, $56,601.91, being deposited with the U.S. Department of
21 Homeland Security-Bureau of Customs and Border Protection (the substitute custodian
22 in place of the U.S. Marshals Service) as a substitute res in this action.

23 On June 1, 2012, the Court granted the proceeds of Foreclosure Sale as Substitute
24 Res in the amount of $56,601.91 as substitute res for the defendant property (the
25 "substitute res").  (Dkt. No. 65).  Accordingly, Claimant GMAC is no longer a party of
26 interest in this case.

27 Plaintiff the United States of America and Claimant Constantine Peter Kallas
28 ("Kallas") have reached an agreement that is dispositive of the action.  The parties

1 request that the Court enter this Consent Judgment of Forfeiture.

2 **WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

3   1.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355 and over the parties hereto.

5   2.   The Verified Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 984.

7   3.   Notice of this action has been given in accordance with law.  All potential claimants to the defendant property other than Kallas are deemed to have admitted the allegations of the Complaint.  The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

11   4.   The legal description of the defendant property is:

> LOT 8 OF TRACT 10246 IN THE CITY OF RANCHO CUCAMONGA, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 199, PAGES 60 AND 61 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
> Assessor's Parcel Number:  1074-291-23-0-000.

18   5.   $10,000.00 of the defendant substitute res, without interest, shall be returned by either check or wire transfer.  If the United States elects to make the payment by check, the check will be payable to "Constantine Peter Kallas," and mailed to attorney, Shawn R. Perez, Esq.  If the United States elects to make the payment by wire transfer, the funds will be wire transferred to the bank account that Kallas and his attorney specify.  Kallas and his attorney shall provide any and all information needed to process the return of these funds according to federal law.  Said payment shall be subject to applicable federal law.

26   6.   The United States of America shall have judgment as to the remaining $46,601.91 of the defendant substitute res, together with all interest earned by the government on that amount of the defendant substitute res since seizure, and no other

3

person or entity shall have any right, title or interest therein.

7. Kallas has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of Kallas, whether pursuant to 28 U.S.C. § 2465 or otherwise. Nothing in this proposed consent judgment is intended as, nor should anything in this proposed consent judgment be interpreted as an admission by Kallas of any liability or wrongdoing.

8. Each of the signatories to this Consent Judgment represents that he or she has the full power and authority (without further approvals or consents) to enter into this Consent Judgment and perform the obligations set forth herein.

9. This Consent Judgment may be signed in counterparts and shall be deemed to have been equally drafted by the parties hereto.

10. The Court finds that there was reasonable cause for the seizure of the defendant property and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: June  25, 2015            _____
                                 THE HONORABLE TERRY J. HATTER, JR.
                                 UNITED STATES DISTRICT JUDGE

**[Signatures of counsel appear on the next page.]**

4

**Approved as to form and content:**

| | |
|---|---|
| DATED: June 12, 2015 | STEPHANIE YONEKURA<br>Acting United States Attorney<br>ROBERT E. DUGDALE<br>Assistant United States Attorney<br>Chief, Criminal Division<br>STEVEN R. WELK<br>Assistant United States Attorney<br>Chief, Asset Forfeiture Section<br><br>/s/ *Christen A. Sproule*<br>CHRISTEN A. SPROULE<br>Assistant United States Attorney<br>Asset Forfeiture Section<br><br>Attorneys for Plaintiff<br>United States of America |
| DATED: June 22, 2015 | LAW OFFICES OF SHAWN R. PEREZ<br><br>*/s/ Shawn R. Perez*<br>SHAWN R. PEREZ<br><br>Attorney for Claimant<br>CONSTANTINE KALLAS |
| DATED: June 17, 2015 | */s/ Constantine Kallas*<br>CONSTANTINE KALLAS<br>Claimant |

5